[No. 25261. Department One. May 6, 1935.]

HOWARD H. HANSEN, *as State Supervisor of Banking, Respondent,* v. O. T. LATHROP *et al., Appellants.*[1]

*W. B. Mitchell* (*Wm. C. Meyers,* of counsel), for appellants.

*Dillard & Powell, Robertson & Smith,* and *Hart Snyder,* for respondent.

GERAGHTY, J.—This action is for the foreclosure of a mortgage upon land in Spokane county.

Gardner Elmore and wife, being the owners of the land in question, on December 1, 1924, executed and delivered to The American Bank of Spokane their promissory note in the sum of ninety-two hundred dollars. At the same time, the Elmores, to secure the payment of the debt evidenced by the note, executed

[1] Reported in 44 P. (2d) 781.

in favor of The American Bank a mortgage upon the land.

Thereafter, on November 26, 1927, the Elmores conveyed the land to George H. Parsons and wife, the conveyance expressly providing for the assumption by the grantees of the Elmore mortgage as part of the purchase price. On the date of this conveyance, the grantees Parsons executed a new mortgage in favor of The American Bank to secure the payment of the sum of eighty-five hundred dollars, the debt being likewise evidenced by a note in that sum, signed by them. The difference between the new mortgage and the outstanding debt was made up by the Parsons from other sources. The Elmore mortgage was released by the bank. No money passed to the Parsons for the new note and mortgage, the eighty-five hundred dollars represented by the instruments being part of the debt secured by the original mortgage of the Elmores. No payment was ever made upon the Parsons' note and mortgage.

By deed bearing date August 24, 1928, the Parsons conveyed the land to Ward E. Newcomb; and a few days thereafter, Newcomb and wife conveyed, subject to the Parsons' mortgage, to Colen S. Smith and Violet S. Smith, his wife.

The Parsons' note and mortgage were to mature December 1, 1930. Negotiations were had between The American Bank and the Smiths with a view to an extension of time for payment of the maturing indebtedness. The bank agreed to an extension upon terms accepted by the Smiths, including their signing the Parsons' note as original makers, which was done by the Smiths in April, 1931, a temporary extension having previously been granted by the bank pending the negotiations.

The facts in relation to the signing of the Parsons'

note by the Smiths are related in *Hansen v. Parsons*, 180 Wash. 413, 40 P. (2d) 121, where the bank recovered a personal judgment against them on the instrument.

The original makers of the note, Parsons and wife, were not aware of the signing of the note by the Smiths. After acquiring title to the property, the Smiths made some payments on account of interest and principal. At the time of the closing of The American Bank, April 15, 1932, there was due on the principal of the mortgage $7,250, with some interest. When The American Bank closed its doors, the plaintiff, as supervisor of banking for the state of Washington, assumed possession of its assets as statutory liquidator.

On December 23, 1932, the Smiths conveyed the land to the defendants Lathrop by a quitclaim deed expressly reciting that the conveyance was made subject to ''a balance of mortgage, the original amount being $8,500.'' This action is for the foreclosure of the Parsons mortgage; the Parsons themselves, having left the state, were not served with process.

A trial to the court resulted in a decree favorable to plaintiff, and ordering the foreclosure of the mortgage. No money judgment, other than for costs, was asked by the plaintiff. This appeal is taken by the defendants from the decree.

The appellants' contention is that the addition of the names of Smith and wife to the Parsons' note, without their knowledge, was such a material alteration as to render it unenforcible as against the Parsons. The appellants make no claim that the debt for which the mortgage was given has been paid; and, of course, there can be no contention that the appellants did not have notice of the existence of the debt as a lien upon the land. The trial court found in this case,

as was found in *Hansen v. Parsons, supra,* that there was no bad faith or fraudulent intent in the alteration of the Parsons' note by the addition of the names of Smith and wife, who attached their signatures with knowledge of the facts, and with the intention to assume the debt.

Conceding, for the purposes of this case, appellants' contention that the Parsons' note was so materially altered as to prevent its enforcement against them, the debt evidenced by the note, and secured by the mortgage, was not thereby avoided.

The rule applicable is thus stated in 1 R. C. L. 1007, § 37:

"In accordance with the rule above laid down as to the effect of fraud upon the right to recover upon the original consideration where an instrument has been materially altered, it has been held that if a note secured by a mortgage is fraudulently altered in a material particular, there can be no recovery on either the note or the mortgage securing it. Such fraudulent alteration cancels the debt evidenced by the note and discharges the mortgage. If, on the other hand, there is an absence of any fraudulent motive or intent actuating the alteration, the great weight of authority is to the effect that while the note will be vitiated by such alteration, the mortgage will still remain a valid security for the original consideration. Thus, a promissory note altered by the payee by increasing the rate of interest, without fraudulent intent, to make it conform to the contract in pursuance of which it was given, is avoided; but a mortgage given to secure it is not vitiated by the alteration of the note, and may be enforced for the original consideration, if otherwise valid. It has been held, however, in some jurisdictions that an alteration of the note which will destroy it, whether fraudulent or not, is sufficient to defeat an action on the mortgage."

Furthermore, when the Smiths, being then the owners of the mortgaged land, affixed their signatures

to the Parsons' note as makers, the transaction stood as if they had been originally parties to the note and mortgage.

In the pleadings, reference was made to the personal judgment recovered by the respondent, on the note, against the Smiths. The reason for the two suits is not disclosed, but the respondent had a right to sue the Smiths personally on the note, and the appellants will not be prejudiced, since any sum realized by the respondent under that judgment will inure to their benefit. The respondent can in no event recover more than what is due upon its mortgage.

The judgment of the trial court will be affirmed.

MILLARD, C. J., MAIN, BEALS, and TOLMAN, JJ., concur.